FULMER, Judge.
 

 Julio Oquendo appeals from his convictions for promoting the sexual performance of a child and contributing to the delinquency of a minor, in violation of sections 827.071 and 827.04, Florida Statutes (2007).
 
 [1]
 
 We reverse the conviction for promoting a sexual performance but affirm the conviction for contributing to the delinquency of a minor.
 

 Deputy Anderson received a complaint of a missing sixteen-year-old girl. The mother told the deputy that the girl had gone for a walk four hours earlier and had not returned. The deputy spoke to other family members and was given information that directed him to a trailer two or three
 
 *747
 
 blocks away where the girl had been seen in the past. The deputy approached the trailer and heard loud music playing. Through an open window, he could see a large television with a pornographic movie playing. The missing girl was seated between two men on a couch in front of the television. Oquendo was one of the men.
 

 Deputy Anderson stepped back from the window and called for backup. When the backup deputy arrived a few minutes later, Deputy Anderson knocked on the door. Oquendo came to the door alone, and Deputy Anderson explained that he was investigating the report of a missing girl and asked to search the residence. Oquendo denied that she was in the home and refused to let him in.
 

 A third deputy, Deputy Osborne, arrived at the scene, and because he knew Oquen-do by his first name from working in the area, he was able to gain Oquendo’s consent to go in the house to retrieve the missing girl. While Deputy Osborne was at the front door with Oquendo, a Hispanic male in his twenties came out from the back bedroom. The Hispanic male indicated that he did not speak English. Deputy Osborne proceeded to the back bedroom, found the girl sitting on the floor getting dressed, and advised her to get up. While he was escorting her out of the house, he noticed Oquendo trying to conceal a crack pipe.
 

 The girl testified at trial that she knew Oquendo from working with him cleaning houses. He was aware that she was sixteen. She saw him when she was out walking, and he wanted to show her his new TV. She went in the house, and they began smoking crack together. Another man came over and was speaking Spanish with Oquendo, which the girl did not understand. Oquendo asked the girl if she would go to the back room with the other man. She knew that Oquendo meant for her to have sex to get the money for her drugs. The Hispanic man gave Oquendo money to have sex with the girl. The girl consented, went in the back room, and had sex with the man. The door was shut, and no one else was in the room.
 

 After the State rested, the defense moved for a judgment of acquittal, arguing that the evidence did not show a sexual performance, where the sexual activity had occurred in a private bedroom with no one else viewing the activity. The trial court denied the motion.
 

 Section 827.071, Florida Statutes (2007), provides, in part:
 

 (2) A person is guilty of the use of a child in a sexual performance if, knowing the character and content thereof, he or she employs, authorizes, or induces a child less than 18 years of age to engage in a sexual performance or, being a parent, legal guardian, or custodian of such child, consents to the participation by such child in a sexual performance. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 (3) A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age. Whoever violates this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 Subsection (l)(b) of section 827.071, defines “performance” as “any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.” Subsection (l)(h) defines “sexual performance” as “any performance or
 
 *748
 
 part thereof which includes sexual conduct by a child of less than 18 years of age.”
 

 We agree with Oquendo that the State failed to prove a prima facie case of guilt under section 827.071 because there was no “performance,” as that term is defined in subsection (l)(b) of the statute, shown by the evidence.
 
 [2]
 
 Therefore, we reverse the conviction for promoting the sexual performance of a child and remand for the trial court to discharge Oquendo on that count.
 

 We reject Oquendo’s second argument alleging improper comments by the prosecutor.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and LaROSE, JJ., Concur.
 

 [1]
 

 . Oquendo was also charged with procuring a person under the age of eighteen for prostitution, but he was found not guilty of that charge.
 

 [2]
 

 . The amended information charged Oquendo with "Promoting Sexual Performance of a Child” and referred only to "Florida Statute 827.071” without designating the subsection of the statute. The language in the body of the information alleges that Oquendo did "employ, authorize, or induce a child less than 18 years of age, to engage in a sexual performance.” Subsection (3) of section 827.071 defines the crime of "promoting a sexual performance by a child.” Subsection (2) defines the crime of "the use of a child in a sexual performance.” Both crimes are second-degree felonies. The jury was instructed as though Oquendo was charged under subsection (2). The judgment slates that Oquen-do was found guilty of "Promote Sexual Performance.” These irregularities do not affect our decision because both subsections (2) and (3) require proof of a performance, and our decision would be the same regardless of which subsection of the statute was at issue.